437 F.2d 1209
 Christian B. PEPER, Jr., Frank Tejeras, and All Others
Similarly Situated, Appellants,
v.
CEDARBROOK FARMS, INC., Dennis Sorantino, Joseph Sorantino,
John Doe, Mary Doe, Richard Roe, etc. (Fictitious Names for
Other Owners-Managers of Defendant Corporation), Colonel
David B. Kelly, Superintendent of the New Jersey State Police.
 No. 19075.
 United States Court of Appeals, Third Circuit.
 Argued Jan. 7, 1971.
Decided Feb. 9, 1971.
 
 Carl S. Bisgaier, Camden Regional Legal Services, Inc., Law Reform Division, argued and on brief, Thomas J. Oravetz, Camden, N.J., on brief; Kevin Carey, Vincent Carroll, Lawrence Sherman, Washington, D.C., Migrant Legal Action Program, on brief and of counsel, for plaintiffs-appellants.
 William J. Cook, Brown, Connery, Kulp, Wille, Purnell & Greene, Camden, N.J., for appellees, Cedarbrook Farms, Inc., Joseph Sorantino, and others.
 John P. Sheridan, Jr., Deputy Atty. Gen., Trenton, N.J., for appellee David B. Kelly.
 Before GANEY and ADAMS, Circuit Judges, and WEIS, District Judge.
 OPINION OF THE COURT
 GANEY, Circuit Judge.
 
 
 1
 This is an appeal on behalf of the appellants from an order of dismissal with prejudice by the lower court on the application of the plaintiffs for a preliminary injunction.
 
 
 2
 The question posed for disposition by this court is whether or not the lower court had jurisdiction of the matter by virtue of certain alleged state action on the part of certain officers of the State of New Jersey. The plaintiffs, one of whom was an employee of the Southwest Community Organization for Poverty Elimination, and the other, an attorney employed by the Camden Regional Legal Services, attempted to enter the premises of Cedarbrook Farms to consult with migrant workers engaged in seasonable employment in the gathering of crops and were forbidden to so do allegedly by the threats of a New Jersey State Trooper who advised them they would be arrested as trespassers if they entered and by an employee of Cedarbrook Farms who, likewise, forbade entry on the premises.
 
 
 3
 The paucity of the record and the incomplete findings of fact renders the determination of whether it was state action sufficient to acquire jurisdiction difficult and requires remand to the district court in order that essential findings of fact may be made so that a full and complete record obtains upon which proper disposition can be made as to whether jurisdiction obtains here, or the lack of it. Rule 52(a) of the Federal Rules of Civil Procedure.
 
 
 4
 The judgment of the lower court will be reversed and the matter remanded to it in accordance with this opinion.